UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA PEREZ, VIRGINIA PEREZ, and OCTAVIO RODRIGUEZ, <br><br> Plaintiffs, <br><br> -against- <br><br> AL'S FAMOUS, INC., d/b/a AL'S FAMOUS PIZZA & RESTAURANT, and MOHAMED ALI, individually, <br><br> Defendants. | Case No.: 17-cv-1814 <br><br> **COMPLAINT** |

Plaintiffs, Maria Perez, Virginia Perez, and Octavio Rodriguez (collectively "Plaintiffs") by their attorneys Virginia & Ambinder LLP, hereby allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207, New York Labor Law ("NYLL") Article 6 §§ 190, *et seq.*, Article 19 § 663; and 12 New York Codes, Rules, and Regulations ("NYCRR") §§ 146-1.3, 146-1.4, 146-1.6, and 146-2.7 to recover for unlawful deductions, unlawful charges, and unpaid minimum wages, overtime, and spread of hours compensation owed to MARIA PEREZ, VIRGINIA PEREZ, and OCTAVIO RODRIGUEZ (collectively referred to as "Plaintiffs") for work performed on behalf of MOHAMED ALI ("Ali") and AL'S FAMOUS, INC., d/b/a AL'S FAMOUS PIZZA & RESTAURANT ("Al's Famous") (collectively referred to as "Defendants"). Plaintiffs also initiate this action seeking statutory damages pursuant to NYLL §§ 195 and 198 arising from Defendants' failure to provide Plaintiffs with wage statements and wage notifications.

## JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 207 and 28 U.S.C. §§ 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 for the claims brought under the New York Labor Law.

3. Pursuant to 29 U.S.C. § 255(a), the statute of limitations under the FLSA for willful violations is three years.

4. Pursuant to NYLL § 663, the statute of limitations under the New York Labor Law is six years.

## VENUE

5. Venue for bringing this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because Defendant Al's Famous maintains its principal place, and Defendant Ali resides, in the Southern District of New York.

## PARTIES

6. Plaintiffs are former employees of Defendants who reside in the state of New York.

7. Defendant Al's Famous is a restaurant incorporated under the laws of the State of New York, with its principal place of business at 786 Allerton Ave, Bronx, New York 10467.

8. Upon information and belief, Defendant Mohamed Ali is a resident of New York at 777 Allerton Ave, Bronx, NY 10467, and at all relevant times, is an owner, principal shareholder and/or director of Defendant Al's Famous.

9. Upon information and belief, Defendant Ali was an officer, president, director, and/or owner of Al's Famous and (1) had the power to hire and fire Plaintiff, (2) supervised and

controlled Plaintiff's work schedule and conditions of employment, (3) determined the rate and method of Plaintiff's payment, and (4) was responsible for the maintenance of Plaintiff's records.

10. Upon information and belief, Defendant Ali, as the owner, principal, officer, and/or director of Al's Famous, dominated the day-to-day operating decisions and made major personnel decisions.

11. Upon information and belief, Defendant Ali had complete control of the alleged activities of Al's Famous, which gave rise to the claims brought herein.

## STATEMENT OF FACTS

12. Plaintiff Maria Perez worked for Defendants performing services, including but not limited to food preparation, cooking, cleaning, dishwashing, stocking, and cashier services, for Defendants from approximately October 2015 through November 2016.

13. From approximately October 2015 to November 2015, Plaintiff Maria Perez normally worked for Defendants approximately seven (7) days per week. Plaintiff Maria Perez typically worked from approximately 11:00 a.m. until 11:00 p.m. without a break five (5) days per week, and from approximately 11:00 a.m. until 12:00 a.m. without a break two (2) days per week.

14. From approximately December 2015 until November 2016, Plaintiff Maria Perez normally worked for Defendants approximately five (5) days per week. Plaintiff Maria Perez typically worked from approximately 5:00 p.m. until 11:00 p.m. without a break two (2) days per week, and from approximately 8:00 p.m. until 11:00 p.m. without a break three (3) days per week.

15. Defendants paid Plaintiff Maria Perez approximately $10.00 per hour for all hours worked. She was paid in cash and by check.

16. Approximately $90.00 was deducted from Plaintiff Maria Perez's pay for her last week of work, in or about November of 2016.

17. This deduction was not authorized by law or any rule or regulation issued by any governmental agency, and was not expressly authorized in writing by Plaintiff Maria Perez for her own benefit.

18. As such, Plaintiff was paid at a rate below the minimum wage, approximately $5.71 per hour, for her last week of work in or about November of 2016.

19. Plaintiff Virginia Perez worked for Defendants performing services including, but not limited to, food preparation, cooking, cleaning, dishwashing, stocking, and cashier services for Defendants from approximately October 2015 through November 2016.

20. While Plaintiff Virginia Perez was employed by Defendants, she worked approximately seven (7) days per week. Plaintiff Virginia Perez typically worked from approximately 10:00 a.m. until 12:00 a.m., without a break, two (2) days per week, and from approximately 11:00 a.m. until 11:00 p.m., without a break, five (5) days per week.

21. Defendants paid Plaintiff Virginia Perez approximately $10.00 per hour for all hours worked.

22. Defendants paid Plaintiff Virginia Perez solely in cash.

23. Approximately $360.00 was deducted from Plaintiff Virginia Perez's pay for her last week of work, in or about November of 2016. This deduction from Plaintiff Virginia Perez's wages was unauthorized and unlawful.

24. This deduction was not authorized by law or any rule or regulation issued by any governmental agency, and was not expressly authorized in writing by Plaintiff Virginia Perez for her own benefit.

25. As such, Plaintiff was paid at a rate below the minimum wage, approximately $5.91 per hour, for her last week of work in or about November of 2016.

26. Plaintiff Octavio Rodriguez worked for Defendants performing services including, but not limited to, food preparation, cooking, and cleaning, from approximately August 2015 through November 2016.

27. While Plaintiff Octavio Rodriguez was employed by Defendants, he worked approximately seven (7) days per week, from approximately 11:00 a.m. until 11:00 p.m. without a break.

28. Defendants typically paid Plaintiff Octavio Rodriguez approximately $12.00 per hour for all hours worked. Plaintiff Rodriguez was paid in cash and by check.

29. In approximately November 2016, Defendants unlawfully charged Plaintiff Octavio Rodriguez approximately $3,554.00 for supplies and materials for Defendants, including but not limited to costs for food, ingredients, condiments, menus, and for other business costs for the benefit of Defendants' restaurant. Defendants did not reimburse Plaintiff Octavio Rodriguez for any of these costs.

30. These deductions and/or charges were not authorized by law or any rule or regulation issued by any governmental agency, and were not expressly authorized in writing by Plaintiff Octavio Rodriguez for his own benefit.

31. Defendants did not pay Plaintiff Octavio Rodriguez at all for approximately two weeks of work in November 2016.

32. As Plaintiff was not paid at all for approximately two weeks of work in November 2016, Defendants paid Plaintiff below the minimum wage for approximately two weeks.

33. When Plaintiffs worked more than forty hours per week, they were not paid overtime compensation at the rate of one and a half times their regular rate of pay for hours worked in excess of forty hours in a week.

34. Accordingly, Defendants failed to pay Plaintiffs overtime compensation.

35. Defendants are not entitled to avail themselves of the tip credit pursuant to 12 NYCRR § 146-1.3.

36. Defendants did not provide any notices to Plaintiff regarding the tip credit as required by 12 NYCRR § 146-2.2.

37. Defendants also did not provide a notice to Plaintiffs that extra pay is required if the tips are insufficient to bring the employee up to the basic minimum hourly rate.

38. Defendants required Plaintiffs to keep any tips in a jar, and permitted them to take the tips only at Christmas.

39. When Plaintiffs worked more than ten hours per day, they were not paid spread of hours compensation at the rate of one additional hour of pay at the basic minimum hourly rate for each shift that exceeded 10 hours.

40. Plaintiffs did not receive any wage notices or wage statements at the time of hiring or throughout their employment with Defendants.

41. Plaintiffs never received wage notices or wage statements that contained information such as, their regular hourly rate and overtime rate of pay and the basis thereof, whether they were paid by the hour, shift, day, or week, or the regular pay day designated by the Defendants.

42. Upon information and belief, Defendant Ali is the owner of Al's Famous.

43. Upon information and belief, Defendant Ali dominates the day-to-day operating decisions and made major personnel decisions for Al's Famous.

44. Upon information and belief, Defendant Ali supervised and controlled the work Plaintiffs performed on a day to day basis.

45. Upon information and belief, Defendant Ali set Plaintiffs' schedule and had the power to hire and fire Plaintiffs.

46. Upon information and belief, Defendant Ali set Plaintiffs' rate of pay, and was responsible for maintaining their employment records.

47. Plaintiffs are employees, within the meaning contemplated, pursuant to the FLSA 29 U.S.C. § 203(e), NYLL Article 19 § 651, *et seq*. and the supporting New York State Department of Labor Regulations.

48. Defendants are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and NYLL Article 19 § 651, *et seq*. and the supporting New York State Department of Labor Regulations.

49. Upon information and belief, Al's Famous' annual gross volume of sales made or business done is not less than $500,000.

50. Upon information and belief, Al's Famous engaged in interstate commerce, produced goods for interstate commerce, and/or handled, sold, or otherwise work on goods or materials that have been moved in or produced for such commerce by any person.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FLSA MINIMUM WAGE COMPENSATION

51. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

52. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any work week is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce,

wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) **$7.25 an hour, beginning 24 months after that 60th day.**"

53. Defendants are not entitled to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §201, *et. seq*.

54. Defendants are employers, within the meaning contemplated, pursuant to 29 U.S.C. §§ 203(d) and 206(a).

55. Plaintiffs are employees, within the meaning contemplated, pursuant to 29 U.S.C. §§203(e), (m) and 206(a).

56. At all relevant times Plaintiffs were engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

57. 29 U.S.C. §213 exempts certain categories of employees from minimum wage obligations.  None of these exemptions apply to Plaintiffs.

58. Upon information and belief, Defendants violated the FLSA by failing to pay Plaintiffs Maria Perez and Virginia Perez minimum wages for hours worked in their last week of work, in approximately November of 2016.

59. Upon information and belief, Defendants violated the FLSA by failing to pay Plaintiff Octavio Rodriguez minimum wages for hours worked in his last two weeks of work, in approximately November of 2016.

60. Defendants' failure to pay Plaintiffs their rightfully owed wages was willful.

61. By the foregoing reasons, Defendants are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS:**
**NEW YORK LABOR LAW MINIMUM WAGE**

62. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

63. Pursuant to New York Labor Law Article 19 § 652, "Every employer shall pay to each of its employees for each hour worked a wage of not less than … $5.15 on and after March 31, 2000, $6.00 on and after January 1, 2005, $6.75 on and after January 1, 2006, $7.15 on and after January 1, 2007; $8.00 on and after December 31, 2013; $8.75 on and after December 31, 2014; $9.00 on and after December 31, 2015 and until December 31, 2016, or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. section 206 or its successors or such other wage as may be established in accordance with the provisions of this article."

64. Defendants are not entitled to avail themselves of the New York State tipped minimum wage rate under the New York Labor Law and supporting regulations.

65. Defendants are employers, within the meaning of the NYLL §§ 190, 651(6), 652 and supporting New York State Department of Labor Regulations.

66. Plaintiffs are employees, within the meaning of the NYLL §§ 190, 651(5), 652 and supporting New York State Department of Labor Regulations.

67. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs.

68. Upon information and belief, Defendants violated the FLSA by failing to pay Plaintiffs minimum wages for hours worked in approximately November of 2016.

69. As such, Plaintiffs Virginia Perez and Maria Perez were paid at a rate below the minimum wage rate for their last week of work.

70. Plaintiff Octavio Rodriguez was paid at a rate below the minimum wage for his last two weeks of work.

71. Upon information and belief, Defendants violated New York Labor Law Article 19 § 650, *et. seq.* and the supporting New York State Department of Labor Regulations by failing to pay Plaintiffs the minimum wages for hours worked in any given week.

72. Upon information and belief, Defendants' failure to pay Plaintiffs their lawfully owed wages was willful.

73. New York Labor Law Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

74. By the foregoing reasons, Defendants have violated New York Labor Law Article 19 § 650 *et seq.* and the supporting regulations, and are liable to Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**THIRD CAUSE OF ACTION:**
**FLSA OVERTIME COMPENSATION**

75. Plaintiffs repeat and re-allege the allegations set forth above.

76. Pursuant to 29 U.S.C. § 207, "[n]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times

the regular rate at which he is employed."

77. Plaintiffs regularly worked in excess of 40 hours per week.

78. Defendants failed to pay Plaintiffs overtime compensation at the rate of one and one half times their regular rates of pay for all hours worked after the first forty (40) hours in any given week, in violation of 29 U.S.C. § 207.

79. Defendants' failure to pay Plaintiffs their rightfully owed overtime compensation was willful.

80. By the foregoing reasons, Defendants are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, plus liquidated damages, interest, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION: NEW YORK OVERTIME COMPENSATION LAW

81. Plaintiffs repeat and re-allege the allegations set forth above.

82. 12 NYCRR § 146-1.4 requires that "[A]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

83. Plaintiffs regularly worked in excess of forty (40) hours per week.

84. Defendants failed to pay Plaintiffs overtime wages at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in any given week, in violation of 12 NYCRR § 146-1.4 and NYLL Article 19 § 663.

85. Defendants' failure to pay Plaintiffs their rightfully owed overtime compensation was willful.

86. By the foregoing reasons, Defendants are liable to the Plaintiffs in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs.

**FIFTH CAUSE OF ACTION:**
**NEW YORK SPREAD OF HOURS LAW**

87. Plaintiffs repeat and re-allege the allegations set forth above.

88. Title 12 NYCRR § 146-1.6 requires that "On each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

89. When Plaintiffs worked in excess of ten hours per day, Defendants did not pay Plaintiffs an additional hour of pay at the minimum hourly wage rate.

90. Defendants' failure to pay spread of hours compensation was willful.

91. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6 and are liable to the Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

**SIXTH CAUSE OF ACTION AGAINST DEFENDANTS:**
**NEW YORK UNLAWFUL DEDUCTIONS AND CHARGES LAW**

92. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

93. Pursuant to NYLL § 193(1), "[n]o employer shall make any deduction from the wages of an employee, except deductions which . . . are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency including regulations . . . [or] are expressly authorized in writing by the employee and are for the benefit of the employee, provided that such authorization is voluntary and only given following receipt by the employee of written notice of all terms and conditions of the payment and/or its benefits and the details of the manner in which deductions will be made . . . ."

94. Additionally, NYLL § 193(3)(a) provides that, "[n]o employer shall make any charges against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages . . . ."

95. 12 NYCRR § 146-2.7 further provides that, "[e]mployers may not make any deductions from wages, except for credits authorized . . . and deductions authorized or required by law, such as for social security or taxes. . . . employers may not charge employees separately for items prohibited as deductions from wages . . . [i]f an employee must spend money to carry out duties assigned by his or her employer, those expenses must not bring the employee's wage below the required minimum wage."

96. Defendants are employers, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(3) and the supporting regulations.

97. Plaintiffs are employees, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(2) and the supporting regulations.

98. In approximately November 2016, Defendants unlawfully charged Plaintiff Octavio Rodriguez approximately $3,554.00 for supplies and materials for Defendants, including but not limited to costs for food, ingredients, condiments, menus, and for other business costs. Defendants did not reimburse Plaintiff Octavio Rodriguez for any of these costs.

99. Defendants further deducted approximately $1,670 from Plaintiff Octavio Rodriguez's pay in approximately November 2016.

100. Defendants deducted $90.00 from Maria Perez's wages in approximately November 2016.

101. Defendants deducted $360.00 from Virginia Perez's wages in approximately November 2016.

102. The foregoing deductions and/or charges were not made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency including regulations, were not expressly authorized in writing by Plaintiffs', and were not made for the benefit of Plaintiffs.

103. Furthermore, the aforementioned unlawful deductions and/or required payments, and any other deductions from wages earned by Plaintiffs, or payments required to be made by Plaintiffs, are not similar to the "authorized deductions" delineated in NYLL § 193, such as payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, or payments for dues or assessments to a labor organization.

104. Additionally, the aforementioned unlawful deductions and charges brought Plaintiffs' pay below the minimum wage rate.

105. Therefore, Defendants violated NYLL § 193 and 12 NYCRR § 146-2.7 by unlawfully making deductions and charges.

106. Upon information and belief, Defendants' violation of NYLL § 193 and 12 NYCRR § 146-2.7 was willful.

107. By the foregoing reasons, Defendants have violated NYLL § 193 and 12 NYCRR § 146-2.7 and are liable to Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**SEVENTH CAUSE OF ACTION
AGAINST DEFENDANTS
<u>NEW YORK § 195(1) WAGE NOTICE VIOLATION</u>**

108. Plaintiffs repeat and re-allege the allegations set forth above.

109. Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; . . . the regular pay day designated by the employer . . .; [and] the name of the employer . . . . For all employees who are not exempt from overtime compensation . . ., the notice must sate the regular hourly rate and overtime rate of pay."

110. Prior to February 2015, Section 195(1) also required an employer to provide a wage notice to its employees on or before February first of each year.

111. Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

112. Prior to February 2015, the maximum recovery under Section 198-(b) for a § 195(1) violation was $2,500.

113. During Plaintiffs' entire employment, Defendants did not provide Plaintiffs with a wage notification informing Plaintiffs of, among other things, (1) their regular rate of pay, (2) their overtime rate of pay, (3) the basis of their rate of pay (e.g., whether they were hourly employees), or (4) the regular pay day designated by Defendants.

114. Defendants violated NYLL § 195(1) by failing to provide Plaintiffs with wage notifications containing the information required by NYLL § 195, *et seq*.

115. The failure of Defendants to provide Plaintiffs with wage notifications in violation of NYLL § 195 was willful.

116. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of the appropriate wage notice, and Defendants are liable to Plaintiffs in the statutory amounts, plus attorney's fees, costs and any other damages permitted under the NYLL.

### EIGHTH CAUSE OF ACTION
### AGAINST DEFENDANTS
### NEW YORK § 195(3) WAGE STATEMENT VIOLATION

117. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

118. Pursuant to Section 195(3) of the NYLL, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

119. Pursuant to Section 198-1(d) of the NYLL, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

120. Plaintiffs did not receive any wage statements from the Defendants during their employment.

121. Defendants violated NYLL § 195(3) by failing to provide Plaintiffs with wage statements containing the information required by NYLL § 195(3).

122. The failure of Defendants to provide Plaintiffs with wage statements in violation of NYLL § 195 was willful and repeated.

123. As a result of Defendants' unlawful acts, Plaintiff has been deprived of the appropriate wage statements, and Defendants are liable to Plaintiff in the statutory amounts, plus attorney's fees, costs and any other damages permitted under the NYLL.

**WHEREFORE**, Plaintiffs demand judgment:

(1) on their first cause of action against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3) on their third cause of action against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(4) on their fourth cause of action against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(5) on their fifth cause of action against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(6) on their sixth cause of action against Defendants, Plaintiffs seek all statutory damages permitted under the NYLL plus attorney's fees and costs;

(7) on their seventh cause of action against Defendants, Plaintiffs seek all statutory damages permitted under the NYLL plus attorney's fees and costs;

(8) on their eighth cause of action against Defendants, Plaintiffs seek all statutory damages permitted under the NYLL plus attorney's fees and costs; and

(9) such other and further relief the Court deems just and proper.

Dated: New York, New York
March 10, 2017

**VIRGINIA & AMBINDER, LLP**

By:  Lloyd R. Ambinder, Esq.
Lloyd R. Ambinder, Esq.
Leonor H. Coyle, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel: 212-943-9080
Fax: 212-943-9082
lcoyle@vandallp.com

*Attorneys for Plaintiffs*