UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARIA PEREZ, VIRGINIA PEREZ, and OCTAVIO RODRIGUEZ,

                          Plaintiffs,

-against-

MOHAMED ALI, individually, and AL'S FAMOUS, INC., d/b/a AL'S FAMOUS PIZZA & RESTAURANT,

                          Defendants.

Case No.: CV 17-01814 (BCM)

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement ("Agreement") is entered into by the undersigned counsel for MARIA PEREZ, VIRGINIA PEREZ, and OCTAVIO RODRIGUEZ and their respective heirs, executors, administrators, successors and assigns ("Plaintiffs") and AL'S FAMOUS, INC., d/b/a AL'S FAMOUS PIZZA & RESTAURANT and MOHAMED ALI (collectively referred to as "Defendants").

## TERMS OF SETTLEMENT

### 1. Settlement Amount

In consideration of this Agreement and General Release and withdrawal of the lawsuit Plaintiffs filed in the United States District Court for the Southern District of New York, Case No. 17-CV-01814, and in compliance with the promises, covenant, conditions and agreements made herein, Defendants agree to pay Plaintiffs the total gross sum of Fifteen Thousand dollars ($15,000.00) inclusive of all costs and attorneys' fees (hereinafter referred to as the "Settlement Amount").

The entire sum shall be due on or before ~~July 13, 2017~~ *within 30 days of Court approval* and checks shall be issued in accordance with the following:

1

1. $2,500.00 made payable to Octavio Rodriguez shall constitute reimbursement of expenses due and owing to Octavio Rodriguez, and therefore will not be subject to any customary deductions;
2. $1,000.00 made payable to Octavio Rodriguez shall constitute unpaid wages due and owing to Octavio Rodriguez, and therefore subject to all customary withholdings in accordance with Mr. Rodriguez' W4 form;
3. $1,000.00 made payable to Octavio Rodriguez shall constitute non-taxable liquidated damages due and owing to Octavio Rodriguez, which will be reflected in a 1099 Form;
4. $2,250.00 made payable to Virginia Perez shall constitute un paid wages due and owing to Virginia Perez, and therefore subject to all customary withholdings in accordance with Ms. Perez' W4 form;
5. $2,250.00 made payable to Virginia Perez shall constitute non-taxable liquidated damages due and owing to Virginia Perez, which will be reflected in a 1099 Form;
6. $500.00 made payable to Maria Perez shall constitute un paid wages due and owing to Maria Perez, and therefore subject to all customary withholdings in accordance with Ms. Maria Perez' W4 form;
7. $500.00 made payable to Maria Perez shall constitute non-taxable liquidated damages due and owing to Maria Perez, which will be reflected in a 1099 Form; and
8. $5,000.00 shall be made payable to Virginia & Ambinder LLP for attorneys' fees and costs.

Each payment described above shall be transmitted to Leonor H. Coyle, Esq., Virginia & Ambinder LLP, 40 Broad St., 7th Floor, New York, NY 10004, in time to be received on or before the due date.

It is understood that, if the Court has not approved this Settlement Agreement the payment date listed above (~~July 13, 2017~~) 30 days of Court approval, Plaintiffs' counsel shall hold the checks in escrow and not release the funds until the Court approval is granted. If the Court does not approve this Settlement Agreement, Plaintiffs' counsel is to return the Settlement Sum that Plaintiffs' counsel has received as part of this Settlement Agreement.

2. **Consent Judgment**

It is further agreed that pursuant to this Agreement between the parties, the parties shall sign a Consent Judgment in the form annexed hereto as Exhibit 1 which Judgment shall be held in escrow by the Plaintiffs' counsel. So long as Defendants adhere to the terms and conditions of this Agreement, Plaintiffs shall take no action to enforce the Consent Judgment by any other means.

3. **Failure to Make Payment**

If Defendants fail to make the payment required under this Agreement within the specified schedule above, Plaintiffs' counsel shall notify Defendants in writing by electronic mail (knash@gwfglaw.com) of the deficiency. Upon receipt of the notice, Defendants shall have ten (10) business days to cure the deficiency. In the event Defendants fail to cure said deficiency within ten (10) business days from receiving notice of the default, the entire unpaid balance of the Settlement Amount plus $2,500.00 in liquidated damages shall become immediately due, less any amounts paid by Defendants. The Plaintiffs shall be permitted, without any further notice, to file the Consent Judgment with the Clerk of the United States District Court for the Southern

District of New York together with a certification informing this Court of such failure. Upon the filing of such Judgment and certification, Plaintiffs will be entitled to enforce the Consent Judgment by all means permitted by law, and shall be entitled to attorneys' fees and costs and statutory interest on any unpaid amount from the date the consent order is executed by the parties.

### 4. General Release

Upon receipt of the Settlement Amount of $15,000.00, Plaintiffs Octavio Rodriguez, Virginia Perez and Maria Perez release and discharge Defendants, their parents, subsidiaries, affiliated entities and former and current officers, directors, employees, agents, shareholders and representatives and the successors and assigns of each ("Releasees") from any and all complaints, claims, liabilities, obligations, promises, agreements, damages, actions, causes of action, suits, rights, demands, losses, debts and expenses (including attorneys' fees and costs), whether known or unknown, that Plaintiffs ever had, now have or hereafter can or may have arising or accruing at any time up to and including the date this Agreement is fully executed, which arise under the Fair Labor Standards Act, New York Labor Law, or any other local, state and federal law regulating the payment of wages. It is the intent of Plaintiffs and Defendants that by this Agreement, Plaintiffs are giving up all rights, claims and causes of action against the Releasees relating to the payment of wages which accrued prior to the effective date hereof, whether or not they are aware of them and whether or not any damage or injury has yet occurred.

## 5. Non-admission of Wrongdoing

The Parties agree that this Agreement is entered into as a settlement and compromise of vigorously disputed claims. Defendants wholly deny any liability. Accordingly, the Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at anytime for any purpose as an admission by Defendants of any liability or unlawful conduct of any kind.

## 6. Additional Representations

By signing this Agreement, Plaintiffs further acknowledges and agree that:

(a)  Plaintiffs have consulted with an attorney before executing this Agreement;

(b)  Plaintiffs have signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder;

(c)  The only consideration for signing this Agreement are the terms stated herein and no other promise, agreement or representation of any kind has been made to Plaintiffs by any person or entity whatsoever to cause Plaintiffs to sign this Agreement.

## 7. Entire Agreement

This Agreement contains the entire understanding between the parties, and neither is relying upon any representations or statements, written or oral, made by or on behalf of any party, which is not set forth herein.

## 8. Waiver and Modification

This Agreement, including this paragraph, may not be altered except by a writing signed by all parties. It may not be modified orally. This Agreement supersedes all prior agreements

between the parties. No provision hereof may be waived unless in writing and signed by counsel for the parties.

## 9. Severability Clause

If any term or provision of this Agreement is held to be invalid or unenforceable, the remaining portions of this Agreement will continue to be valid and will be performed, construed and enforced to the fullest extent permitted by law, and the invalid or unenforceable term will be deemed amended and limited in accordance with the intent of the parties, as determined from the fact of the Agreement, to the extent necessary to permit the maximum enforceability or validation of the term or provision, provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in this Agreement are illegal, void, or unenforceable or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable or return the Settlement Amount paid under this Agreement at the sole discretion of the Defendants.

## 10. Stipulation of Dismissal

Plaintiffs and Defendants shall execute a Stipulation of Dismissal, with prejudice, which shall be filed with the United States District Court for the Southern District of New York upon execution of this Agreement.

## 11. Counterparts

This Agreement may be executed in more than one counterpart, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

## 12. Governing Law

This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York without regard to New York's conflict of law provisions.

## 13. Translation

Plaintiffs state that they have had this document translated into Spanish, and that they understand and consent to the terms of this Agreement.

IN WITNESS THEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the dates set forth below:

**Plaintiffs**

_Octavio Rodriguez_
Octavio Rodríguez

_Virginia Perez_
Virginia Perez

_[signature]_
Maria Perez

**Defendants**
AL'S FAMOUS, INC., d/b/a AL'S FAMOUS PIZZA & RESTAURANT
By: _[signature]_
Al's Famous Pizza, Inc.

MOHAMED ALI
_[signature]_
Mohamed Ali

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NEW YORK )

On the 19 day of July 2017 before me personally came Octavio Rodriguez, to be the individual described in and who executed the foregoing instrument, and acknowledged that she executed the same.

Notary Public

_____

**LEONOR HIDALGO COYLE**
Notary Public- State of New York
No. 02C06213934
Commission Expires November 23, 2017

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NEW YORK )

On the 19 day of July 2017 before me personally came Virginia Perez, to be the individual described in and who executed the foregoing instrument, and acknowledged that she executed the same.

Notary Public

_____

**LEONOR HIDALGO COYLE**
Notary Public- State of New York
No. 02C06213934
Commission Expires November 23, 2017

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NEW YORK )

On the 19 day of July 2017 before me personally came Maria Perez, to be the individual described in and who executed the foregoing instrument, and acknowledged that she executed the same.

Notary Public

_____

**LEONOR HIDALGO COYLE**
Notary Public- State of New York
No. 02C06213934
Commission Expires November 23, 2017

8

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK)

On the 28 day of July 2017 before me personally came Mohamed Ali, to be the individual described in and who executed the foregoing instrument, and acknowledged that she executed the same.

Notary Public

_/s/ Neal M. Rosenbloom_

NEAL M. ROSENBLOOM
Notary Public, State of New York
No. 31-4644520
Qualified in New York County
Commission Expires 11/1/17

## EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARIA PEREZ, VIRGINIA PEREZ, and OCTAVIO RODRIGUEZ,

Plaintiffs,

-against-

MOHAMED ALI, individually, and AL'S FAMOUS, INC., d/b/a AL'S FAMOUS PIZZA & RESTAURANT,

Defendants.

Case No.: CV 17-01814 (BCM)

**CONSENT JUDGMENT**

In accordance with the accompanying Settlement Agreement, the Court hereby renders Judgment as follows:

1. Judgment is entered in favor of Plaintiffs Maria Perez, Virginia Perez and Octavio Rodriguez against Defendants AL'S FAMOUS, INC., d/b/a AL'S FAMOUS PIZZA & RESTAURANT and MOHAMED ALI (collectively referred to as "Defendants"), with a principal place of business of 777 Allerton Ave, Bronx, NY 10467, in the amount of Fifteen Thousand Dollars ($15,000.00), plus liquidated damages in the amount of Two Thousand Five Hundred $2,500.00, totaling Nine Thousand Dollars ($17,500.00), less any settlement monies already paid, pursuant to the terms of the Agreement and entered into and signed by Plaintiffs and Defendants in the above-captioned proceeding, together with statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

2. This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Settlement Agreement.

3. Defendants shall pay this Judgment in accordance with the terms and conditions of the accompanying Settlement Agreement and Release, which is incorporated herein by reference.

4. In the event of an uncured default under the Settlement Agreement, Plaintiffs may file this consent Judgment with the Clerk as well as a certification informing this Court of such failure. Upon the filing of such Judgment and affidavit, Plaintiffs will be entitled to enforce this Judgment by all means permitted by law. Plaintiffs will further be entitled to reasonable professional fees, and costs associated with the enforcement of the Settlement Agreement and Release and statutory interest on any unpaid amount from the date this consent Judgment is executed.

5. Defendants' failure to make timely payments on the written settlement agreement terms shall be subject to a nine (9%) percent per annum interest charge

6. This Court expressly finds that there is no just reason for delay, and expressly directs the entry of final judgment.

7. This Court retains jurisdiction solely to enforce compliance with the terms of this Consent Judgment and the accompanying Settlement Agreement.

The undersigned parties stipulate to and request entry of this Consent Judgment.

| Plaintiffs | Defendants |
|---|---|
| | AL'S FAMOUS, INC., d/b/a AL'S FAMOUS PIZZA & RESTAURANT |
| *Octavio Rodriguez* (signature)<br>Octavio Rodriguez | By: *(signature)*<br>Al's Famous Pizza, Inc. |
| *Virginia Perez* (signature)<br>Virginia Perez | MOHAMED ALI<br>*(signature)*<br>Mohamed Ali |
| *(signature)*<br>Maria Perez | |

SO ORDERED:

_____
Hon. Barbara C. Moses, U.S.D.J.