UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/17

MARIA PEREZ, *et al.*,

         Plaintiffs,

-against-

AL'S FAMOUS, INC., *et al.*,

         Defendants.

17-CV-01814 (JGK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Before the Court is a proposed settlement in a wage and hour action brought by plaintiffs Maria Perez, Virginia Perez and Octavio Rodriguez against defendants Al's Famous, Inc. and Mohamed Ali. Plaintiffs allege multiple violations of the Fair Labor Standards Act (FLSA) and the New York Labor Law.

At a settlement conference conducted before me on June 13, 2017, the parties resolved their disputes and placed the material terms of their settlement agreement on the record. On June 30, 2017, the parties consented to my jurisdiction for all purposes pursuant to 28 U.S.C. 636(c). (Dkt. No. 17.) On July 31, 2017, they submitted their proposed settlement agreement (Agreement) for approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert denied*, 136 S. Ct. 824 (2016), along with a letter discussing the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). (Dkt. No. 19.)[1]

The Agreement requires defendants to pay a total of $15,000. Ag. ¶ 1. Out of that $15,000, plaintiffs' counsel will receive $5,000 in fees and out-of-pocket expenses. *Id.* ¶ 8. Plaintiffs have also submitted their attorneys' billing records, showing that counsel spent a total of 85.9 hours on

---

[1] Although the parties submitted their proposed agreement on July 31, 2017, their joint letter is dated June 20. That letter also states (incorrectly) that the June 13, 2017 settlement conference before me was held on April 13, 2017.

this case, and spent $567.98 on filing fees, service of process, legal research and transportation.

(Dkt. No. 19-2.)

Settlements that dismiss FLSA claims with prejudice require approval of the district court or the Department of Labor. *See Cheeks*, 796 F.3d at 206. Before a district court enters judgment in such a case, it must scrutinize the settlement to determine that it is "fair and reasonable." *Wolinsky*, 900 F. Supp. 2d at 335. In making that determination, the court must consider the totality of the circumstances, including but not limited to the following factors:

(1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Id.* (citing *Medley v. Am. Cancer Soc.*, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

For the reasons that follow, I find that the Agreement in this action is fair and reasonable. Having supervised the parties' settlement conference, and having reviewed the parties' confidential *ex parte* letters, as well as the filings and procedural history of the case, I am satisfied with the fairness of the negotiations leading up to the settlement. I am also satisfied that the financial terms of the settlement are fair and reasonable when considered in light of the range of damages that plaintiffs could reasonably hope to recover at trial, the defendants' financial resources, and the inherent time, cost and risk savings for both sides in setting this case at this juncture. The Agreement includes a release by plaintiffs limited to claims against defendants and their affiliates arising under the FLSA, the New York Labor Law and "any other local, state and federal law regulating the payment of wages," Ag. ¶ 4, which also appears fair and reasonable. *See Plizga v. Little Poland Rest. Inc.*, 2016 WL 9307474, at *6 (S.D.N.Y. July 18, 2016) (noting types of release provisions approved by judges in this District in wage and hour cases).

2

Finally, the amounts allocated to attorneys' fees and costs are fair and reasonable in the context of this action. Counsel seek reimbursement of their out-of-pocket expenses in the amount of $567.98, plus fees in the amount of $4,432.02, representing less than one third of the settlement payment net of expenses. *See, e.g., Zhang v. Lin Kumo Japanese Rest. Inc.*, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) ("barring unusual circumstances," a fee "in excess of one-third of the settlement amount disserves the FLSA's important interest in fairly compensating injured plaintiffs"). This Court's practice, even in non-class cases where the fee is one-third or less of the net settlement amount, is to review counsel's billing records to ensure that a seemingly reasonable contingency agreement is not, in fact, unreasonable in light of any unusual circumstances or unique features of the case. *See, e.g., Zhang*, 2015 WL 5122530, at *2-4 (reviewing reasonableness of counsel's fee under both the lodestar and the percentage-of-recovery method); *Velasquez v. Safi-G, Inc.*, 137 F. Supp. 3d 582, 586 (S.D.N.Y. 2015) (rejecting one-third contingency fee as unreasonable where, among other things, little work was done prior to settlement and "nearly half" was done "after counsel had already been paid"). In this case, the billing records raised no such concerns.

Having found that the Agreement is fair and reasonable, as required by *Cheeks*, 796 F.3d at 206, the Court approves the parties' settlement. It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs.

3

The Clerk of the Court is directed to close the case.

Dated: New York, New York
     August 8, 2017

                                        **SO ORDERED.**

                                        **BARBARA MOSES**
                                        **United States Magistrate Judge**